UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARON SMITH, <br><br> Plaintiff, <br><br> v. <br><br> MADISON COUNTY CORRECTIONAL COMPLEX, NURSE ERIN, and QUALITY CORRECTIONAL CARE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 2:25-cv-00084-JMS-MJD <br> ) <br> ) <br> ) <br> ) <br> ) |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Aron Smith was a prisoner at the Madison County Correctional Complex.[1] He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights after failing to protect him against an attack and failing to provide him medical treatment, resulting in permanent injury. [Filing No. 13.] Because Mr. Smith is incarcerated, this Court must screen his Amended Complaint before service on the Defendants.[2] 28 U.S.C. § 1915A(a), (c).

## I.
### SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

---

[1] Mr. Smith is currently incarcerated at the Wabash Valley Correctional Facility.

2 This Order is the first screening order in this case. On the same day of filing his Complaint, Mr. Smith filed a Motion to Amend Complaint, which the Court granted. [Filing No. 2; Filing No. 7; Filing No. 12.]

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE AMENDED COMPLAINT

Mr. Smith's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

Mr. Smith sues Madison County Correctional Complex ("MCCC"), Quality Correctional Care ("QCC"), and Nurse Erin (last name unknown) who is employed by QCC and works at MCCC. [Filing No. 13.] He alleges that he was attacked by fellow inmates at MCCC on August 7, 2023, received a head injury, and by August 14, 2023, he reported that he was losing vision in his right eye and seeing black spots. [Filing No. 13 at 3.] He asserts that Ms. Erin saw Mr. Smith on August 14, 2023 to "assess his condition," and that she concluded that he did not have a concussion. [Filing No. 13 at 3.] He contends he was sent back to his cell and did not receive any medical treatment or option to be seen by a doctor. [Filing No. 13 at 3.] Mr. Smith alleges that he filed two grievances about not being seen or treated for a head injury and loss of vision and submitted multiple medical requests asking to be seen by MCCC medical staff, but did not receive any responses. [Filing No. 13 at 3.] He alleges that on November 8, 2023, he was diagnosed with a detached retina, and that on December 1, 2023, he had surgery to re-attach the retina in his right eye, which required a strict recovery schedule with very little movement for three weeks. [Filing

2

No. 13 at 3-4.] He alleges that he submitted "numerous medical requests for pain medications" between November 11, 2023 and February 28, 2024, which MCCC never responded to, leaving Mr. Smith in a state of extreme pain. [Filing No. 13 at 4.] He contends that, after he recovered from the surgery on his right eye, he saw an outside surgeon for surgery on the detached retina in his left eye, which was attempted, but it was found that the detachment was too advanced, and surgery was unsuccessful. [Filing No. 13 at 4.] Mr. Smith alleges that he was thereafter transferred to Wabash Valley Correctional Facility, that his vision continues to deteriorate, and that he is at risk of losing his eyesight. [Filing No. 13 at 4.]

Mr. Smith asserts the following claims:

- Eighth Amendment claim against MCCC for failing to protect him against attack and failing to provide medical treatment for his injuries;

- Eighth Amendment claim against Nurse Erin for failing to treat him; and

- Eighth Amendment claim against QCC for failure to properly care for Mr. Smith's head injury.

[Filing No. 13 at 2.] He seeks relief in the form of monetary damages. [Filing No. 13 at 5.]

## III.
### DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Smith has identified the theory he wishes to use—the Eighth Amendment against all Defendants. Where a *pro se* litigant has expressly stated the legal theory that he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). The Court analyzes Mr. Smith's claims only under the theories he has identified.

3

Applying the screening standard to the factual allegations in the Amended Complaint, certain claims are dismissed while other claims shall proceed as submitted.

Mr. Smith's claims against MCCC are **DISMISSED** for failure to state a claim upon which relief can be granted. A prison facility is not a suable entity under 42 U.S.C. § 1983 because it is a building, not a person. Civil rights claims brought under § 1983 may be pursued only against persons, and the MCCC is a not a person. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[a]s for the defendant prison, . . . a building is not a person capable of being sued under § 1983") (citations omitted), *cert. denied*, 586 U.S. 840 (2018).

Mr. Smith's claims against QCC are also **DISMISSED**. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "[A] municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Therefore, to state a *Monell* claim against QCC, Mr. Smith must identify a policy or widespread practice taken by the entity and allege a causal link between the policy and the deprivation of his federal rights. *Dean*, 18 F.4th at 235. Here, Mr. Smith has not identified any policies or practices by QCC that caused his injuries. Therefore, any claims against QCC must be dismissed.

Based on the screening standard set forth above, Mr. Smith's claim against Nurse Erin for failing to treat him after he was attacked **SHALL PROCEED**. That said, although Mr. Smith identified the Eighth Amendment as the applicable source of his constitutional violation, the claim

against him will proceed under the Fourteenth Amendment if Mr. Smith was a pretrial detainee at the time of the relevant events.³ *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Smith believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 13, 2025,** in which to file a motion to reconsider the screening order.

### IV.
### CONCLUSION AND SERVICE OF PROCESS

The following claim is proceeding in this action: an inadequate medical claim against Nurse Erin for failure to treat Mr. Smith after he was attacked. This claim shall proceed under the Fourteenth Amendment if Mr. Smith was a pretrial detainee, or the Eighth Amendment if he was a convicted prisoner. All other claims have been dismissed. The **CLERK IS DIRECTED** to **TERMINATE** Madison County Correctional Complex and Quality Correctional Care as defendants on the docket.⁴

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Nurse Erin, in the manner specified by Rule 4(d). Process shall consist of: (1) Mr. Smith's Amended Complaint at Filing No. 13; (2) applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and (3) this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Federal Rule of Civil Procedure 12.

---

³ The Court takes judicial notice that Mr. Smith was charged in state case number 48C06-2305-F4-001398 on May 10, 2023, and state case number 48C06-2302-F6-000606 on February 21, 2023, and that both cases were resolved on February 2, 2024. *See* Case Summaries, available at mycase.in.gov.

⁴ The **CLERK IS ALSO DIRECTED** to **TERMINATE** Craig Johnson as a defendant, as he was not named in Mr. Smith's Amended Complaint. [Filing No. 13.]

5

**IT IS SO ORDERED.**

Date: 5/16/2025

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

ARON SMITH
142131
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Nurse Erin
Madison County Correctional Complex
119 Jackson St.
Anderson, IN 46016